D. Jack Guthrie
ABA No. 1709045
Patterson Buchanan Fobes & Leitch, Inc., P.S.
1000 2nd Ave, 30th Floor
Seattle, WA 98104
Telephone: (206) 462-6700
Facsimile:  (206) 462-6701
E-mail:  djg@pattersonbuchanan.com

Attorney for Plaintiff Penn America Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| PENN AMERICA INSURANCE COMPANY,<br><br>   Plaintiff,<br><br> v.<br><br>ALASKA MOTOR HOME, INC.,<br><br>   Defendant. | Case No.: 3:21-cv-00013-TMB |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, PENN-AMERICA INSURANCE COMPANY, by its attorneys, PATTERSON BUCHANAN FOBES & LEITCH, INC. P.S., files this Complaint for Declaratory Judgment against the above-captioned Defendant, and would respectfully show the Court the following:

### I. NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 29 U.S.C §§ 2201 and 2202. Penn-America Insurance Company seeks a determination of

the parties' rights and obligations under a commercial general liability policy it issued to Alaska Motor Home, Inc., as more particularly described below, with respect to allegations made against it and its shareholders by the State of Alaska in the action captioned and numbered, *The State of Alaska v. Peter Harkovitch; Cole Harkovitch; and Alaska Motor Home, Inc.*, No. 3AN-19-11671 CI, pending in the Superior Court of Alaska.

## II. PARTIES

2. At all relevant times herein, Penn-America Insurance Company ("Penn-America") is and was a foreign corporation with its principal place of business in Pennsylvania and is registered with the Alaska Department of Commerce, Community and Economic Development and admitted to write liability insurance policies in Alaska.

3. At all relevant times herein, Alaska Motor Home, Inc. ("AMH") is and was an Alaska corporation with its principal place of business in Alaska. Upon information and belief, AMH's shareholders are Peter Harkovitch and Cole Harkovitch, residents of Alaska.

## III. JURISDICTION AND VENUE

4. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy exists between Penn-America and AMH within the meaning of 28 U.S.C. §§ 2201 regarding insurance coverage provided under a policy that Penn-America issued to AMH.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. In particular, there is complete

diversity of citizenship between Penn-America and AMH.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) because the acts complained of occurred in Anchorage, Alaska.

8. Upon information and belief, the amount in controversy exceeds the sum of $75,000 in that the State of Alaska seeks civil penalties of $25,000 against AMH for each and every violation of the Unfair Trade Practices Act. AS 45.50.471 *et. seq*. The State of Alaska alleges that AMH violated the Alaska Unfair Trade Practices Act in numerous ways against a large, unidentifiable number of customers over a course of years. A true and correct copy of the State of Alaska's complaint against AMH is attached as Exhibit A. The Penn-America commercial general liability insurance policy has limits of $1,000,000 per occurrence. The Penn-America policy has aggregate limits of $2,000,000. The issue in this declaratory judgment action is the applicability of the Penn-America general commercial liability policy issued to AMH to the lawsuit brought by the State of Alaska.

9. The State of Alaska seeks an injunction prohibiting the Defendants from committing further violations of the Alaska Unfair Trade Practices Act, disgorgement of money or property acquired through violations of the Alaska Unfair Trade Practices Act, civil penalties provided by the Unfair Trade Practices Act, and reasonable costs and attorney's fees.

## IV. FACTS

10. Penn-America issued a commercial lines policy to AMH under policy number PAC7160410, effective September 11, 2018 to September 11, 2019. The commercial lines policy included commercial general liability coverage. AMH is the named insured on the policy. A true a correct copy of the GCL Policy is attached hereto as Exhibit B.

11. On December 10, 2019 the State of Alaska filed a complaint against AMH and its shareholders alleging violations of the Unfair Trade Practices Act. *See* Exhibit A.

12. In its complaint, the State of Alaska alleged that the Defendant engaged in Unlawful Acts and Practices by representing normal pricing as a discounted "Offer Ends Soon" (*Id.* at ¶¶ 24 - 26); provided customers with products in worse condition than advertised (*Id.* at ¶ 27-28); charged customers for damage that had occurred either before or after the customers' rental period (*Id.* at ¶ 29); forced customers to agree to terms and conditions at the time of rental that were less favorable to the renter than those disclosed on the Defendants' website (*Id.* at ¶¶ 30-34); cancelled reservations immediately before the reservation date in order to rent to other customers at a higher price (*Id.* at ¶¶ 33-39); failed to return deposits to customers whose reservations Defendants' had cancelled (*Id.* at ¶ 40); charged and collected taxes from customers that were not due or that were in excess of what was actually due (*Id.* at ¶ 42); and through compensation with gift cards secured positive reviews from customers that did not disclose that the positive reviews had been paid for in kind (*Id.* at ¶¶ 43-45).

13. The State of Alaska seeks injunctive relief, disgorgement, and civil penalties.

## V. CAUSES OF ACTION

**COUNT ONE – THE UNDERLYING LAWSUIT DOES NOT CONSTITUTE A CLAIM UNDER THE POLICY**

14. Paragraphs 1-13 set forth above are hereby incorporated by reference.

15. The CGL Policy sets forth the following policy provision regarding Coverage A – Bodily Injury and Property Damage and Coverage B – Personal and Advertising Injury Liability:

## SECTION I – COVERAGES
## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b. This Insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1, Section II. Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed Insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation,

Complaint for Declaratory Judgment　　　　　　　　　*Penn America Ins. Co. v. Alaska Motor Home, Inc.*
Page 5 of 9　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00013-TMB

Case 3:21-cv-00013-JWS   Document 1   Filed 01/26/21   Page 5 of 9

        change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1, Section II. Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of the "bodily injury" or "property damage" after the end of the policy period.

  d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1, Section II. Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

      (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

\* \* \*

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

Complaint for Declaratory Judgment      *Penn America Ins. Co. v. Alaska Motor Home, Inc.*
Page 6 of 9      Case No. 3:21-cv-00013-TMB

Case 3:21-cv-00013-JWS    Document 1    Filed 01/26/21    Page 6 of 9

> > (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
>
> > (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under coverage C.
>
> > No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplemental Payments – Coverages A and B.
>
> > b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Exhibit B pp. 18, 23.

16. The State of Alaska has sued the Defendants for equitable relief, disgorgement and to levy civil penalties. None of the relief sought constitutes covered damages under the terms of the CGL policy. As the State of Alaska's lawsuit is not a claim for covered damages, Plaintiff's obligation to defend and indemnity is not triggered.

## COUNT TWO – STATE OF ALASKA DOES NOT SEEK DAMAGES AS DEFINED BY THE POLICY

17. Paragraphs 1-16 set forth above are hereby incorporated by reference.

18. To the extent the State of Alaska's lawsuit may constitute a claim for damages the lawsuit itself does not seek compensation for "bodily injury," property damage," or "personal and advertising injury."

19. The CGL Policy provides the following relevant definitions:

> > 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

> > 13. "Occurrence" means an accident, including continuous or repeated

exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution

   c. The wrongful eviction form, wrongful enter into, or invasion of the right to private occupancy of a room dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another' copyright, trade dress, or slogan in your "advertisement."

15. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Exhibit B, pp. 30, 32.

20. In its complaint the State of Alaska seeks equitable relief, disgorgement and to levy civil penalties. None of the relief sought constitutes "bodily injury", "property damage," or "personal and advertising injury" under the terms of the Penn-America

policy. As the State of Alaska does not seek damages under the policy Plaintiff's obligation to defend and indemnity is not triggered.

## PRAYER FOR RELIEF

For the reasons set forth above, Plaintiff Penn-America seeks the following relief from the court to find and declare the following:

1. A declaration that there is no coverage under the Penn-America policy and that Penn-America has no duty to defend Alaska Motorhome, Inc. in the matter *The State of Alaska v. Peter Harkovitch; Cole Harkovitch; and Alaska Motor Home, Inc.*, No. 3AN-19-11671 CI.
2. An award of reasonable costs and attorney's fees in bringing this action.
3. Any other relief this court deems just and equitable.

DATED this 22nd day of January, 2021.

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.
Attorney for Plaintiff Penn America
Insurance Company


By: *s/D. Jack Guthrie*
    D. Jack Guthrie
    ABA 1709045